**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000401
28-JAN-2014
10:59 AM**

NO. CAAP-11-0000401

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

PETER HALLORAN, Petitioner-Appellant, v.
STATE OF HAWAI'I, Respondent-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(S.P.P. NO. 10-1-0071; CR. NOS. 96-1-1310, 95-0-1742)

SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, Leonard and Reifurth, JJ.)

Petitioner-Appellant Peter D. Halloran (**Halloran**) appeals from the Findings of Fact, Conclusions of Law, and Order Denying Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner from Custody (**Order Denying Relief**), filed on April 4, 2011, in the Circuit Court of the First Circuit (**Circuit Court**).[1]

In Cr. No. 95-0-1742, Halloran pled no contest to Terroristic Threatening in the First Degree and was sentenced to five years probation. On October 1, 1997, Halloran's probation was revoked and he was resentenced to five years incarceration, to be served concurrently with any other term being served.

In Cr. No. 96-1-1310, Halloran was found guilty of Attempted Sexual Assault in the First Degree. Halloran was sentenced to an indeterminate twenty-year term of incarceration. The Circuit Court granted the State's Motion for Sentencing as a Repeat Offender and set Halloran's mandatory minimum term at six years and eight months.

---

[1] The Honorable Dexter D. Del Rosario presided.

Halloran appealed his conviction for Attempted Sexual Assault in the First Degree. On appeal in S.C. No. 21052, Halloran raised three points of error: (1) ineffective assistance of trial counsel; (2) abuse of discretion by the Circuit Court in denying his motion for new trial; and (3) error by the Circuit Court in granting the State's Motion for Sentencing as a Repeat Offender. After an opening brief was filed, his appellate counsel filed a motion to amend opening brief. Appellate counsel stated:

> 2. The appellant has informed me that there are additional issues not included in his opening brief which he considers to be relevant to his appeal. Both pertain to the question of whether appellant was denied effective assistance of counsel, in that 1) the foreman of the jury which convicted appellant was never questioned during the voir dire examination of the prospective jurors by either defense counsel or the prosecutor, so that appellant's right to be tried by an impartial jury was encumbered by his attorney's failure to take that action necessary to protect appellant's constitutional right, and 2) that defense counsel refused to file a motion to dismiss the charge under HRPP Rule 48, even though appellant believes he was entitled to a dismissal and requested his attorney to file for a dismissal.

Halloran's motion was denied. Halloran's conviction was affirmed by this court in a summary disposition order dated October 30, 1998.

On April 14, 1999, Halloran filed a Petition for Post-Conviction Relief (**First Petition**), pursuant to Rule 40 of the Hawaii Rules of Penal Procedure (**HRPP**) and the case was docketed as S.P.P. 99-0-0008. On May 5, 2000, the Circuit Court issued an Order Denying Petition for Post-Conviction Relief on the grounds that Halloran's claims were patently frivolous. On March 22, 2004, in S.C. No. 23478, the Supreme Court of Hawai'i affirmed the denial of Halloran's First Petition.

On September 29, 2010, Halloran filed a Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner from Custody (**Second Petition**), pursuant to HRPP Rule 40. Halloran alleged two grounds for relief: (1) denial of parole due to Department of Public Safety's refusal to allow him to enter sex offender treatment; and (2) ineffective assistance of

counsel for failure to have the charge dismissed pursuant to HRPP Rule 48 based on his right to a speedy trial.

Halloran stated that:

> On May 26, 2000 I received a letter from Dr. Barry Coyne of the Department of Public Safety ("DPS"), inviting me to fill out the application for participation in the DPS sex offender treatment ("SOT") program. Dr. Coyne informed me that participation in this program was "typically required" by the Parole Board prior to release on parole. I completed the application packet on June 5, 2000.
>
> On July 5, 2000 I received a letter from Dr. Coyne indicating that he had received my completed packet. However, based on my denial that I had committed the sexual offense, Dr. Coyne stated ". . . . you are not eligible to enter SOTP because we do not know whether you can take responsibility for your behavior that brought you to prison, or whether you have a problem we can treat."
>
> On May 27, 2003 I appeared before the Parole Board for a Parole hearing. My parole was denied because I had not completed SOTP.
>
> On May 26, 2004, May 24, 2005, May 22, 2006, May 23, 2007, June 5, 2008, and May 18, 2009 I appeared before the Parole Board for a Parole hearing for parole consideration. Each time my parole was denied because I had not completed SOTP.
>
> In May 2010 I appeared before the Parole Board for a parole consideration hearing. At that time I informed the Board that since 2000 I had been attempting to enter the DPS sex offender treatment program, but had been denied entry by Dr. Barry Coyne. I requested that the Board either facilitate my entry into SOTP, or waive the SOTP requirement as my failure to complete SOTP was due to Dr. Coyne's refusal to let me enter the program and not because I was unwilling or unable to participate in SOTP in order to receive parole. The parole board denied my request to facilitate my entry into the DPS SOTP and denied my parole, again informing me it is their "policy" that inmates convicted of sexual offenses must enter and complete the SOTP in order to gain release on parole.
>
> Due to Dr. Coyne's refusal to allow me to enter the program, I [will not] be able to fulfill the Board's SOTP requirement. I want to emphasize that I have always indicated that I am willing to participate in SOTP, however, I cannot admit to committing an offense that I did not commit. As a result, I will never be granted parole, . . . I believe that the actions of Dr. Barry Coyne, the DPS and the Hawaii Paroling Authority are in direct violation of the spirit and holding of the ICA in <u>State v. Reyes</u>, 93 Hawaii 321 (2000).

Halloran also contended that the Circuit Court informed his trial counsel that all he needed to do was file a simple

motion to dismiss the case based upon a violation of Halloran's right to speedy trial within 180 days, and it would be granted. Halloran claimed that he questioned his trial counsel about filing the motion but his trial counsel responded that he had failed to file the motion and there was nothing counsel could do about it. Halloran claimed this demonstrated ineffective assistance of trial counsel. However, Halloran also stated, "This issue of a speedy trial is something which was discussed many times prior to the filing of my appeal, which was filed prior to my knowledge of what it contained." Halloran claimed that he wanted appellate counsel to raise the issue in his reply brief but appellate counsel stated that no reply brief would be filed because the State's answering brief was so bad it was not needed. Halloran claimed that this demonstrated ineffective assistance of appellate counsel.

On February 16, 2011, in response to the State's Answer to the Second Petition, Halloran filed a Reply Brief to Prosecutor's Answer to Rule 40 Petition. Halloran clarified his claim, citing State v. Reyes, 93 Hawai'i 321, 2 P.3d 725 (App. 2000), stating that requiring him to admit responsibility for the offense he was convicted of in order to complete the sex offender treatment program violated his Fifth Amendment Right against self-incrimination.

On April 4, 2011, the Circuit Court issued its Order Denying Relief, which denied the relief requested in the Second Petition. Halloran timely filed this appeal.

On this appeal, Halloran asserts: (1) citing Reyes, that his Fifth Amendment right against self-incrimination was violated when he was denied parole for failing to complete a sex offender treatment program which required him to admit responsibility for the offense for which he was convicted; (2) his right to a speedy trial, pursuant to HRPP Rule 48 was violated; and (3) his trial and appellate counsel were ineffective for failing to have the case dismissed based upon the HRPP Rule 48 violation.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant rules, statutes, and case law, we resolve Halloran's points of error as follows:

(1) To establish a Fifth Amendment claim, a defendant must prove two things: "(1) that the testimony desired by the government carried the risk of incrimination, . . . . and (2) that the penalty he suffered amounted to compulsion." United States v. Antelope, 395 F.3d 1128, 1134 (9th Cir. 2005) (citing Minnesota v. Murphy, 465 U.S. 420, 435 n.7 (1984); Lefkowitz v. Cunningham, 431 U.S. 801, 806 (1977)). Halloran cannot demonstrate that the testimony sought by the State as part of the sex offender treatment program carried the risk of incrimination. Neal v. Shimoda, 131 F.3d 818, 832-33 (9th Cir. 1997). Further, the denial of parole does not amount to compulsion under any reasonable test. McKune v. Lile, 536 U.S. 24, 54 (2002); Ainsworth v. Stanley, 317 F.3d 1, 5-6 (1st Cir. 2002), cert. denied 538 U.S. 999 (2003); United States v. Johnson, 446 F.3d 272, 280 (2d Cir. 2006), cert. denied 549 U.S. 953 (2006); Roman v. DiGuglielmo, 675 F.3d 204, 213-15 (3d Cir. 2012), cert. denied 133 S. Ct. 287 (2012); Gwinn v. Awmiller, 354 F.3d 1211, 1225-26 (10th Cir. 2004), cert. denied 543 U.S. 860 (2004).

(2) It appears that Halloran was aware of his right to a speedy trial because he discussed it with both his trial and appellate counsel. He was also aware that his trial counsel and appellate counsel did not raise the issue at trial or on appeal. Halloran did not raise the issue in his First Petition despite being cognizant of the issue. Halloran has not established the existence of extraordinary circumstances to justify his failure to raise the issue in his First Petition. Therefore, the claims are waived and relief is not available pursuant to HRPP Rule 40(a)(3).

For these reasons, the Circuit Court's April 4, 2011 Order Denying Relief is affirmed.

DATED: Honolulu, Hawai'i, January 28, 2014.

On the briefs:

Peter D. Halloran
Petitioner-Appellant

Brandon H. Ito
Deputy Prosecuting Attorney
City and County of Honolulu
for Respondent-Appellee

Lisa M. Itomura
Deputy Attorney General
for Respondent-Appellee

Chief Judge

Associate Judge

Associate Judge